E. R. JORDAN, Executor, Appellee, v. R. S. COOLEY, Appellee, et al., Appellants.

EVIDENCE: Conclusions—Conclusion Pleading. Pleadings which simply state an attorney's legal conclusion as to the legal effect of an indorsement on a promissory note are inadmissible as evidence.

ALTERATION OF INSTRUMENTS: Materiality—Change Subject to Condition. A change in a promissory note providing for an increase in interest will not constitute a material alteration, so as to release a surety, when the agreement was that the change should not be effective unless the surety consented thereto.

Headnote 1:   22 C. J. p. 333 (Anno.); 31 Cyc. p. 65 (Anno.)   Headnote 2:   32 Cyc. p. 181.

*Appeal from Marion District Court.*—J. H. APPLEGATE, Judge.

## MARCH 17, 1925.

ACTION on a promissory note. The defense was based on alleged alteration of the note subsequent to execution and delivery. From verdict and judgment in favor of plaintiff, defendants appeal.—*Affirmed.*

*Hays, Hays & Heer* and *Clark & Byers,* for appellants.

*J. B. Hockersmith* and *Johnson & Teter,* for appellee.

ARTHUR, J.—I. The note sued on was in the ordinary form, dated March 2, 1920, due March 2, 1921, bearing interest at the rate of 6 per cent, and was signed by defendants R. S. Cooley, Herbert D. McCoy, and W. M. Ridnouer. When suit was commenced, on the back of the note appeared the following:

"Mar. 2-21       Received int. to date"

Also:

"By mutual consent this note draws seven per cent for the year 1922 this Mar. 2.   R. S. Cooley."

On October 6, 1922, B. F. Banta died, and E. R. Jordan, plaintiff, was appointed and qualified as executor of his estate; and on April 19, 1923, this action was commenced by serving original notice on McCoy and Ridnouer. No notice was served on Cooley, and he did not appear and become a party to the action.

The original petition filed set out the note, including the above quoted indorsement on the back thereof, and alleged that the note was to bear 7 per cent from March 2, 1921, to March 2, 1922, and alleged:

"That, as shown by said note, the interest on same was paid until March 2, 1921; that, as shown by said note on the back thereof, it was mutually agreed between said payee and all the defendants that the rate of interest to be paid from March

2, 1921, to March 2, 1922, should be 7 per cent, and same was signed by R. S. Cooley, and was to be signed by all the defendants.''

On May 11, 1923, an amended and substituted petition was filed, which was the same as the original petition, except that it omitted the indorsements on the back of the note and the allegations as to interest at 7 per cent, and demanded judgment only for the amount of the note, with interest at 6 per cent per annum.

Defendants McCoy and Ridnouer filed separate answers, which were substantially the same, and which consisted of a general denial and certain specific admissions and allegations. They admitted signing the note bearing 6 per cent interest; alleged that, subsequent to the execution and delivery of the note, the same was materially altered, without their knowledge and consent, and that they signed the note as sureties only, and that, subsequent to the execution and delivery thereof, the principal parties, Banta and Cooley, entered into a new contract, without their knowledge and consent, materially varying the terms of the original contract; and denied liability on the note.

On the trial, the only question submitted to the jury was, in substance, whether or not, by reason of the language used in the writing on the back of the note, it was contemplated and agreed between Banta and Cooley that McCoy and Ridnouer should sign the indorsement before it should be in force and effect.

II.  Assignments of error relied upon for reversal attack a ruling on evidence, the instructions, and the overruling of a motion for a new trial. The main and controlling question in the case is whether or not the indorsement on the back of the note, with respect to interest, signed only by one of the signers of the note, R. S. Cooley, effected an alteration of the note. Assignments of error center on this proposition.

Defendants offered in evidence the petition originally filed, especially that part of the petition which set out the indorsement on the back of the note, which read, ''By mutual consent this note bears seven per cent for the year 1922. This March 2. R. S. Cooley,'' and for the purpose of showing language in the petition as follows:

"That, as shown by said note, the interest on same was paid until March 2, 1921; that, as shown by said note, on the back thereof, it was mutually agreed by and between the payee and the defendants that the rate of interest to be paid from March 2, 1921, to March 2, 1922, should be 7 per cent, and that same was signed by said R. S. Cooley, and was to be signed by all the defendants."

The petition offered in evidence was signed and sworn to by J. B. Hockersmith, an attorney for plaintiff, and not signed by plaintiff or the payee of the note. On objection made, the offer was excluded. Later, appellant intro-

1. EVIDENCE: con-
clusions: con-
clusion pleading.

duced in evidence the indorsement on the note, and also introduced testimony showing that the indorsement, except the signature of R. S. Cooley, was in the handwriting of Banta, deceased, and appellants could not have been prejudiced as to this item' of evidence. The above quoted language of the petition was properly excluded. It was a mere conclusion as to the effect of the indorsement, and the conclusion of the attorney who drew and signed the petition. It was a simple conclusion of the attorney's as to the legal effect of this indorsement, and was not a statement of fact. Section 3583, Code of 1897, provides:

"If the pleading is founded on a written instrument for the payment of money only, and such instrument is in possession of the agent or attorney, the affidavit may be made by such agent or attorney, so far as relative to the statement of the cause of action thereon."

Hockersmith, attorney, having the note in his possession on which the action was based, could verify the petition as to facts alleged pertaining to the note; but we think he was not authorized to go beyond that and bind his client by an allegation which was simply a conclusion as to the legal effect of the language used in the indorsement on the back of the note. We know of no case, and none is cited, holding that a mere statement of a conclusion' in a pleading, as to the legal effect of an instrument, can be used as an admission against the party. This question is aptly disposed of in *McElmurray v. Blodgett*, 120 Ga. 9 (47 S. E. 531.) The court, after stating the rule that admissions of

fact in a superseded pleading could be taken advantage of by the opposite party, said:

"This rule, however, has no application where the admission is simply an opinion on the part of the party making it as to the legal effect of a paper."

III. Complaint is made that the instructions submitted to the jury construction of the indorsement on the back of the note hereinbefore set forth. It was by reason of this indorsement that appellants claimed a material alteration in the terms of the note, by reason of which alleged alteration they claim that they were released from liability. The court instructed that an agreement between the parties to a note to pay a higher rate of interest than that specified in the note would make a material alteration of said note, and that if such alteration were made by the payee and by one party only to the note, and without the knowledge or consent of other parties to said note, such change would render said note without validity as to the parties that did not consent to such alteration. The evidence showed that Banta, payee, placed the writing on the back of the note about a year after the note was made, and that no one signed the statement except Cooley. The question submitted by the instructions was whether, by said writing, signed by Cooley, it was understood and agreed between Banta and Cooley that said change should be made from 6 per cent to 7 per cent, as stated in the indorsement, or whether, by reason of the language used in said indorsement, it was contemplated that each of the makers of said note should sign said agreement for 7 per cent, before the same should be a binding contract so as to make the change a material change or alteration in said note. This was a question of fact, proper to be determined by the jury. The court instructed, in substance, that, if the jury found from the evidence that Banta, by writing said instrument, agreed that the note should bear 7 per cent interest for the year 1922, and that same should be signed only by Cooley, and did not contemplate that the other makers of the note should sign same, then the jury should find that there was a material alteration in the note after it was executed and delivered; but that, if the jury found that it was the agreement and understanding be-

2. ALTERATION OF INSTRUMENTS: materiality; change subject to condition.

tween Banta and Cooley that the 7 per cent proposition should be by mutual consent of all of the makers of said note, and that McCoy and Ridnouer did not consent to said agreement, then the indorsement on said note would not be binding upon the payee of said note, and, in such event, there would be no material alteration of said note. The instructions were without error on this proposition, which we consider was the important and controlling issue in the case.

It is complained that the court failed to instruct on the issue of discharge of sureties on account of the claimed material alteration of the note. This criticism is without merit. Such issue was fully covered by instructions above considered.

Other criticisms are made of the instructions, which are wholly without merit, and we deem it unnecessary to discuss them.

Results in affirmance of the case.—*Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.